IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT ALLEN, et al., | ) | CIVIL NO. S-03-1358-DAE-RJJ |
| | ) | Consolidated with |
| Plaintiffs, | ) | CIVIL NO. S-05-0472-DAE-RJJ |
| | ) | |
| vs. | ) | |
| | ) | |
| J. GREGORY DAMM, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) DENYING PRO SE PLAINTIFF LORI KAHRE'S REQUEST THROUGH HER CRIMINAL COUNSEL FOR HER CRIMINAL COUNSEL TO APPEAR IN THIS PROCEEDING FOR THE LIMITED APPEARANCE TO REQUEST A STAY OF [SIC] THESE PROCEEDINGS UNTIL COMPLETION OF THE CRIMINAL APPEAL/PROCEEDINGS; (2) DENYING PLAINTIFF ROBERT KAKRE'S MOTION FOR HIS CRIMINAL COUNSEL TO MAKE A SPECIAL APPEARANCE IN THESE PROCEEDINGS FOR THE LIMITED PURPOSE OF REQUESTING A STAY; OR FOR AN EXTENSION OF TIME TO FULLY RESPOND TO FEDERAL DEFENDANTS' MOTION IN THE ALTERNATIVE; (3) STRIKING PLAINTIFFS' MOTIONS TO STAY AND OPPOSITION TO THE CIVIL FEDERAL DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE; (4) SETTING AN AMENDED BRIEFING <u>SCHEDULE.</u>

Pursuant to Local Rule 78–2, the Court finds this matter suitable for disposition without a Hearing. After reviewing the motions as well as the supporting and opposing memoranda, the Court: (1) **DENIES** Pro Se Plaintiff Lori Kahre's Request through her Criminal Counsel for her Criminal Counsel to Appear in this Proceeding for the Limited Appearance to Request A Stay of [sic] these

Proceedings until Completion of the Criminal Appeal/Proceedings (Doc. # 264); (2) **DENIES** Plaintiff Robert Kahre's Motion for his Criminal Counsel to make a Special Appearance in these Proceedings for the Limited Purpose of Requesting a Stay; or for an Extension of Time to Fully Respond to Federal Defendants' Motion in the Alternative (Doc. # 266); (3) **STRIKES** Plaintiffs' Motions to Stay and Opposition to the Federal Defendants' Motion to Dismiss with Prejudice (Doc. ## 265, 267); and (4) Sets an Amended Briefing Schedule.

After more than seven years of litigation, the parties are all very familiar with the underlying facts of the case and the Court will recite only those necessary for resolution of the instant motions.  In this litigation, Plaintiffs have most recently been represented by R. Craig Zafis, Esq. and Ross Goodman, Esq., both of whom the Court permitted to withdraw as counsel on April 13, 2010. (Doc. # 199.)  The Court subsequently denied attorney William A Cohan's request to appear as Plaintiffs' counsel pro hac vice on June 10, 2010.  (Doc. # 207.)  The Plaintiffs have now had more than eight months to secure new legal counsel.

The Federal Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion") on November 15, 2010.  (Doc. # 254.)  In response, Plaintiff Lori Kahre requested that the Court allow her criminal counsel, Michael J. Kennedy, Esq., to make a special limited appearance

to file a motion staying these proceedings pending resolution of her criminal appeal on December 6, 2010.  (Doc. # 264.)  Plaintiff Robert Kahre made the same request with respect to his criminal counsel, Lisa A. Rasmussen, Esq. the following day. (Doc. # 266.)  Simultaneous with these requests, Mr. Kennedy and Ms. Rasmussen filed motions requesting a stay of the proceedings and opposed the Federal Defendants' Motion.[1]  (Docs. ## 265, 267.)

        The Court hereby **DENIES** Plaintiffs' motions for their criminal attorneys to make limited appearances in these proceedings.  Mr. Kennedy is a First Assistant Federal Defender for the District of Nevada Federal Public Defender Office.  The Court finds it highly unusual that Mr. Kennedy, a Federal Defender paid at public expense, be allowed to use federal resources to assist a private plaintiff pursue claims for monetary damages in a civil action.  Mr. Kennedy argues that this proceeding implicates Plaintiff Lori Kahre's Fifth Amendment rights as anything she says now in representing herself could, if Ms. Kahre prevails in her criminal appeal, be used against her in a subsequent criminal trial.  The Court finds this rational unpersuasive.  Ms. Kahre is a voluntary Plaintiff, not the Defendant, in this civil action—if she is concerned about

---

[1] Pro Se Plaintiff Lee Belcher also filed an Opposition and Request for a Stay on his own behalf.  (Doc. # 269.)

3

implicating her Fifth Amendment rights in this action she can terminate these proceedings at any time or retain new legal counsel to protect her interests.[2]  Ms. Kahre, as Plaintiff in these proceedings, is the party prosecuting the action and seeking damages.  She is under absolutely no obligation to do so.  It simply defies logic that she be afforded the benefit of a Federal Public Defender at taxpayer expense in pursuing her claims for private money damages.  Further, for the reasons set forth below, the Court is not going to permit counsel to enter "limited" appearances.

      The Court reaches the same result with Ms. Rasmussen, Plaintiff Robert Kahre's criminal attorney.  Unlike Mr. Kennedy, Ms. Rasmussen is not, however, a Federal Public Defender.  If Ms. Rasmussen would like to make a *general* appearance and represent Mr. Kahre or other Plaintiffs in these proceedings moving forward, she is welcome to do so.  The Court will not permit her, however, to make only a *limited* appearance in this litigation as it is highly disruptive to have counsel make special limited appearances through out the course of this litigation.

---

[2] It must be noted that this Court was quite indulgent of the Plaintiffs Fifth Amendment concerns and stayed this civil action for several years while the criminal case was proceeding in the District Court.

Because the Court denies Mr. Kennedy and Ms. Rasmussen's request for limited appearance in these proceedings, it will not consider their filings. Accordingly the Court **STRIKES** the Kahre Plaintiffs' Motions to Stay and Oppositions to the Federal Defendants' Motion. (Docs. ## 265, 267.) Given that this action has been ongoing for over seven years and the fact that Plaintiffs have had more than adequate time to secure legal counsel, the Court will not continue the Hearing on the Motion set for March 21, 2011. Should Plaintiffs, proceeding pro se or with counsel who makes a general appearance, see fit to file a different Opposition before the Hearing, the Court hereby sets the following briefing schedule:

Plaintiffs shall oppose the Motion on or before March 18, 2011.

Federal Defendants shall reply on or before March 20, 2011.

In the interests of justice, the Court will also consider a timely application to file supplemental papers <u>after</u> the Hearing if requested.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 11, 2011.

 

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE

<u>Allen, et al., v. Damm, et al.</u>, Cv. Nos. S-03-1358-DAE-RJJ, S-05-0472-DAE-RJJ; ORDER: (1) DENYING PRO SE PLAINTIFF LORI KAHRE'S REQUEST THROUGH HER CRIMINAL COUNSEL FOR HER CRIMINAL COUNSEL TO APPEAR IN THIS PROCEEDING FOR THE LIMITED APPEARANCE TO REQUEST A STAY OF [SIC] THESE PROCEEDINGS UNTIL COMPLETION OF THE CRIMINAL APPEAL/PROCEEDINGS; (2) DENYING PLAINTIFF ROBERT KAKRE'S MOTION FOR HIS CRIMINAL COUNSEL TO MAKE A SPECIAL APPEARANCE IN THESE PROCEEDINGS FOR THE LIMITED PURPOSE OF REQUESTING A STAY; OR FOR AN EXTENSION OF TIME TO FULLY RESPOND TO FEDERAL DEFENDANTS' MOTION IN THE ALTERNATIVE; (3) STRIKING PLAINTIFFS' MOTIONS TO STAY AND OPPOSITION TO THE CIVIL FEDERAL DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE; (4) SETTING AN AMENDED BRIEFING SCHEDULE.