IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT ALLEN, et al., | ) | CIVIL NO. S-03-1358-DAE-RJJ |
| | ) | Consolidated with |
| Plaintiffs, | ) | CIVIL NO. S-05-0472-DAE-RJJ |
| | ) | |
| vs. | ) | |
| | ) | |
| J. GREGORY DAMM, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING IN PART WILLIAM A. COHAN'S VERIFIED
MOTION FOR RELIEF FROM ORDER PURSUANT TO F. R. CIV. P. 60(b);
(2) DISMISSING ALL PLAINTIFFS FROM THE ACTION EXCEPT FOR
BRANDON KAHRE, JOHN KAHRE, ROBERT KAHRE, LEE BELCHER, LORI
KAHRE, JULIO VARGAS, AND GUSTAVO GUTIERREZ;
(3) GRANTING IN PART AND DENYING IN PART PLAINTIFF ROBERT
KAHRE'S MOTION FOR STAY, OR FOR EXTENSION OF TIME TO
RESPOND TO FEDERAL DEFENDANTS' MOTION; (4) DENYING PRO SE
PLAINTIFF LEE BELCHER'S MOTION TO STAY UNTIL THE
COMPLETION OF THE CRIMINAL APPEAL/PROCEEDINGS;
AND (5) SETTING AN AMENDED BRIEFING SCHEDULE FOR
DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE , FOR SUMMARY JUDGMENT

On March 21, 2011, the Court heard: (1) the Federal Defendants'

Motion to Dismiss or, in the Alterative, for Summary Judgment; (2) William A

Cohan's Verified Motion for Relief from Order Pursuant to F. R. Civ. P. 60(b); and

(3) Plaintiff Robert Kahre's Motion for Stay; or for Extension of Time to Respond

to Federal Defendants' Motion.  Lisa A. Rasmussen, Esq., Lee Belcher, pro se,

Lori Kahre, pro se, and William Cohan, pro se, appeared at the hearing on behalf of Plaintiffs.  Assistant Untied States Attorneys Charles Duffy and Roger Wenthe appeared at the hearing on behalf of the Federal Defendants.  After reviewing the motions as well as the supporting and opposing memoranda, the Court: (1) **GRANTS IN PART** William A. Cohan's Verified Motion for Relief from Order Pursuant to F. R. Civ. P. 60(b) (Doc. # 239); (2) **DISMISSES** all Plaintiffs from the action except for Brandon Kahre, John Kahre, Robert Kahre, Lee Belcher, Lori Kahre, Julio Vargas, and Gustavo Gutierrez; (3) **GRANTS IN PART AND DENIES IN PART** Plaintiff Robert Kahre's Motion For Stay; or for Extension of Time to Respond to Federal Defendants' Motion (Doc. # 283); (4) **DENIES** Pro Se Plaintiff Lee Belcher's Motion to Stay Until the Completion of the Criminal Appeal/Proceedings (Doc. # 269); and (5) **SETS** an amended briefing schedule for the Federal Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. # 254).

<u>BACKGROUND</u>

This litigation has been on-going for over eight years and the parties are all very familiar with the underlying facts that gave rise to Plaintiffs' claims. The Court will therefore be brief in reviewing them.

I.      <u>Factual Background</u>

Plaintiffs are a self-proclaimed group of individuals boycotting the Federal Reserve System by using gold and silver coins manufactured by the United States Mint as a medium of exchange and "thereby avoiding income taxes imposed due to the exchange rate between gold and silver dollars and Federal Reserve Notes denominated as if they were dollars."  ("MITD Order," Doc. # 56 at 2.) Plaintiffs have filed suit against a variety of defendants for alleged constitutional violations.  Plaintiffs originally named as defendants the United States of America, two of its executive subdivisions—the United States Department of Justice ("DOJ") and the Internal Revenue Service ("IRS")—as well as several individuals who work for the federal government including Assistant United States Attorney Gregory Damm.  (<u>Id.</u>)  The Complaint also originally named high ranking officials in the DOJ and IRS, federal strike force/swat team members, and NLVPD police officers as defendants.  (<u>Id.</u>)

Plaintiffs' allegations arise out of three searches Defendants conducted on various locations in Las Vegas, Nevada, on May 29, 2003.  Plaintiffs assert that Defendants conducted these searches pursuant to a policy promulgated by high ranking DOJ and IRS policy makers.  (<u>Id.</u>)  Plaintiffs allege this policy was designed to retaliate against organizations that criticize the government's fiscal and

3

taxing activities, advocate the use of gold and silver coins as a medium of exchange, advocate for the abolition of the income tax as well as the radical reduction of IRS power.  (Id.)

A.     Kimberley Avenue

The first search took place at 6270 Kimberley Avenue, Suites C and D.  (Id.)  The following Plaintiffs were present at the Kimberley Avenue location at the time of the search: Charles Allen; Danielle Alires; Sherri Arendell; Allen Barclay; Shirley Boyse; Rosendo Cruz; Elvis Flores; Gustavo Gutierrez; John Kahre; Brandon Kahre; Robert Leidig; Pamela McDaniel; Heidi Rasmussen;[1] Ron Ruggles; Julia Vargas; William Whitney; and Eziquio Trevino.  (Id. at 3 n.2.)  The Kimberley Avenue location is a commercial building comprised of offices, a warehouse, and a metal shop enclosed under a common roof that is encircled by a chain link fence with a gate that remains unlocked during work hours.  (Id. at 3.) Plaintiffs allege that at 1:00 PM some of the Defendants riding in an armored personnel carrier crashed through the closed but unlocked gate without asking permission or first trying to open the gate.  (Id.)  As a result, Plaintiffs contend that Defendants destroyed surveillance equipment nearby.  (Id.)

_____

[1] The Court notes that there is no relation between this individual and Ms. Lisa A. Rasmussen, who is representing Plaintiff Robert Kahre in the instant action.

Once on the property, Plaintiffs claim that Defendants armed themselves with submachine guns, entered the building, and trained their weapons on the occupants.  (Id.)  Plaintiffs also allege Defendants handcuffed them, escorted them outside, searched them, and left them in the heat for an extended period of time at temperatures exceeding 106 degrees.  (Id.)  Defendants allegedly ignored Plaintiffs' requests for shade and water and did not consider the age or infirmities of some of the Plaintiffs (Id.)

Further, according to Plaintiffs, Defendants questioned several of them without first advising them of their Miranda rights.  (Id.)  Defendants also allegedly destroyed Plaintiffs' property, including office cabinets, lockboxes, and the surveillance system unnecessarily.  (Id. 3–4.)  Plaintiffs also state Defendants refused to present the search warrants during the search but left behind two search warrants that did not identify the crimes investigated, a description of the property to be searched, nor the items to be seized.  (Id. at 4.)

B.    North Grand Canyon Drive

The second search took place at 6295 North Grand Canyon Drive. (Id.)  At the time of the search the following Plaintiffs were present at this location: Lee Belcher; Lori Kahre; George Rodriquez; Debra Rosenbaum; and Ismael Curiel.  (Id. at 4 n.3.)  The primary structure on the property is a one-story building

containing several administrative offices for Plaintiff Robert Kahre.  (Id. at 4.)  The secondary structure on the property serves as the primary residence for Plaintiffs Lori Kahre and Lee Belcher.  (Id.)  A five foot cinder block wall surrounds the secondary structure separating it from the primary structure.  (Id.)  Plaintiffs claim that the Defendants' warrant limited the search to the primary structure but Defendants searched both the primary and secondary structure.  (Id.)

At approximately 4:30 p.m., Defendants allegedly broke through the front door of the primary structure.  (Id.)  Plaintiffs claim that once inside, the Defendants broke the glass out of the sliding glass door from the inside rather than unlocking it.  (Id.)  Plaintiffs state that Defendants took them into custody at gunpoint and searched and handcuffed them.  (Id.)  Plaintiffs also assert that Defendants shot non-lethal bags at Plaintiff Lee Belcher, hitting him once in the back and twice in the stomach.  (Id.)  Plaintiffs claim that Lee Belcher, Lori Kahre, and George Rodriguez all sustained injuries while Defendants took them into custody.  (Id.)

Plaintiffs once more assert that Defendants interrogated some of them without a Miranda warning.  (Id.)  The search allegedly resulted in the unnecessary destruction of the sliding glass door as well as damage to the house from an explosive device detonated by Defendants.  (Id. at 4–5.)

6

C.    <u>Bledsoe Lane</u>

The third search took place at 1555 Bledsoe Lane.  At this location is a single story house on a large lot surrounded by a wrought iron fence where the Kahres store and repair heavy equipment.  (<u>Id.</u> at 5.)  It is also the residence of Plaintiff Don Hamilton.  (<u>Id.</u>)  Plaintiffs allege that at approximately 4:10 p.m. Don Hamilton exited his house and saw Defendants outside the fence and surrounding the Bledsoe property.  (<u>Id.</u>)  They allegedly ordered him to raise his hands and pointed machine guns at him.  (<u>Id.</u>)  Plaintiffs claim that Defendants made Hamilton turn and face the wall while they cut the lock on the gate, despite Hamilton claiming to tell them they could scale the fence and retrieve the key from inside the residence.  (<u>Id.</u>)  Hamilton was subsequently taken into custody, searched, and handcuffed.  (<u>Id.</u>)

Plaintiffs claim Defendants did not provide a search warrant when Hamilton requested it.  (<u>Id.</u>)  According to Plaintiffs, Defendants told Hamilton they would put him back into handcuffs if he did not sign a document consenting to a search of the premises.  (<u>Id.</u>)  Plaintiffs further allege Defendants questioned Hamilton without giving him <u>Miranda</u> warnings.  (<u>Id.</u>)  Plaintiffs assert Defendants did not produce a search warrant until after they finished searching the premises and seized all the records located there.  (<u>Id.</u>)

7

Finally, Plaintiffs allege that at approximately 1:30 p.m. Defendants arrested John Kahre at Bank of the West.  (Id. at 5.)  Kahre was there to cash two checks for a total of $230,913.00.  (Id.)  Defendants confiscated Kahre's shoulder bag containing the money as well as other items.  (Id.)  Plaintiffs claim that although Kahre was shown the arrest warrant, he was unable to read it because it was only flashed at him briefly.  (Id.)  Plaintiffs also claim that Defendants did not provide Kahre with a warrant authorizing the seizure of the bag.  (Id. at 6.)  Defendant was detained at Clark County Detention Center until the following morning.  (Id.)

Plaintiffs claim that these acts deprived them of their First, Fourth, Fifth, and Fourteenth Amendment rights of the United States Constitution.  (Id.)

II.      Relevant Procedural History

On October 30, 2003, the Plaintiffs filed their first complaint seeking injunctive relief against the United States and damages against unknown individual federal employees and State of Nevada employees pursuant to Bivens v. Six Unknown Fed. Narcotics Agents (Bivens), 403 U.S. 388 (1971) and 42 U.S.C. § 1983 as well as Nevada State law.  (Doc. # 1.)  On February 18, 2004, the Federal Defendants filed Motions to Dismiss per Federal Rules of Civil Procedure 12(b)(1) and (6) or, in the alternative, for Summary Judgment ("2004 Motions").

8

(Docs. ## 20–21.)  On October 4, 2004 United States District Judge Philip M. Pro

granted in part and denied in part Defendants' 2004 Motions.  (Doc. # 56.)  Judge

Pro made the following relevant findings:

> 1. Defendants are not entitled to qualified immunity for Plaintiffs'
> []claims for unreasonable detention alleged by Plaintiffs Cruz,
> Guiterrez, Ruggles, and Vargas' claims of unreasonable detention.
> 2. Defendant Damm is not entitled to absolute immunity on Plaintiffs'
> claims regarding Defendant Damm's allegedly planned raids.
> 3. Defendant Crowther is not entitled to qualified immunity on
> Plaintiff Lori Kahre's claim of unreasonable search and seizure.
> [4.] Defendant Halper is not entitled to qualified immunity on Plaintiff
> Robert Kahre's claim of unlawful arrest.

(Id. at 24.)

On August 12, 2004, Plaintiffs filed their first amended complaint.

(Doc. # 53.)  On April 5, 2005, a federal grand jury returned an indictment against

the majority of Plaintiffs for charges relating to tax evasion.[2]  (Cr.

2:05-cr-00121-RCJ-RJJ, Doc. # 1.)  On July 12, 2005, the Court stayed discovery

proceedings pending resolution of the criminal cases against eleven of the

---

[2] The criminal proceeding began before United States District Judge Robert
C. Jones.  A criminal trial was conducted that resulted in the acquittal of some
defendants (i.e. some of the Plaintiffs in the instant proceedings) and a mistrial as
to others.  Kahre v. U.S. Dist. Court for Dist. of Nev., 289 Fed. Appx. 169, 170
(9th Cir. 2008).  Subsequently Plaintiff Robert Kahre sought a writ of mandamus
with the Ninth Circuit seeking, inter alia, reassignment of the case.  Id.  The Ninth
Circuit granted the writ and the criminal proceeding was reassigned to this Court.
(Cr. # 2:05-cr-00121-RCJ-RJJ, Doc. # 2002.)

9

Plaintiffs in the instant action.  (Doc. # 99.)  November 14, 2005, Plaintiffs filed a second amended complaint.  (Doc. # 104.)  On August 29, 2006, the Court refused to grant leave for Plaintiffs to file a third amended complaint.  (Doc. # 154.)  On February 23, 2007, Plaintiff Robert Kahre commenced another lawsuit against many of the same Defendants in the instant case, alleging numerous Racketeer Influenced and Corrupt Organizations (RICO) violations.[3]  (See Cv. 2:07-cv-00231-DAE-RJJ.)

In 2009, three of the remaining plaintiffs[4] were adjudged guilty in their criminal cases.  (See Cr. 2:05-cr-00121-RCJ-RJJ.)  Specifically, John Kahre pleaded guilty to five counts of willfully attempting to evade and defeat tax (see Cr. 2:05-cr-00121-RCJ-RJJ, Doc. ## 605, 2614); Robert Kahre was found guilty of multiple counts of conspiracy to defraud, willfully failing to collect and pay over tax, attempting to interfere with the administration of the Internal Revenue law, attempting to evade and defeat tax and wire fraud (see Cr. 2:05-cr-00121-RCJ-RJJ,

---

[3] Mr. William A. Cohan, the same attorney that seeks relief in the instant motion, represented Robert Kahre in those proceedings.  This Court ultimately dismissed the myriad claims in that suit, (Cv. 2:07-cv-00231-DAE-RJJ, Doc. # 95), and was affirmed on appeal by the Ninth Circuit (Cv. 2:07-cv-00231-DAE-RJJ, Doc. # 107).

[4] Only these three remain in light of the Court's Intent Order, as discussed infra.

Doc. ## 1671, 2615) and; Lori Kahre was found guilty of multiple counts of conspiracy to defraud, attempting to interfere with the administration of the Internal Revenue law, making a false statement to a bank and attempting to evade and defeat tax (see Cr. 2:05-cr-00121-RCJ-RJJ), Doc. ## 1671, 2623).

On April 30, 2010, Plaintiffs' then civil counsel withdrew from the proceedings.  (Doc. # 199.)  On June 10, 2010, the Court denied Attorney William A. Cohan's request to appear as Plaintiffs' counsel pro hac vice ("Cohan Order"). ("Cohan Order," Doc. # 207.)

On September 17, 2010, in light of the length of time that had elapsed since the suit was filed, the Court issued an Order requiring each Plaintiff who still wished to proceed in this action to complete and return a copy of the "Statement of Intent to Proceed with the Instant Action" that was attached to the Order.  ("Intent Order," Doc. # 233.)  In this Order, the Court cautioned that "[e]ach Plaintiff whose mail (order and form) is returned as undeliverable and those Plaintiffs who do not respond (postmark date) on or before October 18, 2010, will be dismissed with prejudice from this action."  (Id. at 2.)  Only seven out of the twenty-four plaintiffs indicated they wanted to proceed with the litigation: Brandon Kahre, John Kahre, Robert Kahre, Lee Belcher, Lori Kahre, Julio Vargas, and Gustavo Gutierrez. (Docs. ## 237, 238, 248, 250, 251, 252, and 253.)  Of these seven,

11

however, the statements filed by John Kahre, Brandon Kahre, Vargas, and Gutierrez are defective in that these Plaintiffs failed to check the box indicating they agreed to follow the applicable rules and procedures of the Court and that they agreed to be personally liable for costs and fees that might hereafter be imposed on them.  (Docs. ## 237, 238, 252, and 253.)

On September 23, 2010, William A. Cohan filed a Motion for Relief from the Court's Cohan Order ("Relief Motion").  ("Relief Mot.," Doc. # 239.)

The Federal Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion") on November 15, 2010.  ("Mot.," Doc. # 254.)  In response, Plaintiff Lori Kahre requested that the Court allow her criminal counsel, Federal Defender Michael J. Kennedy, Esq., to make a special appearance to file a motion staying these proceedings pending resolution of her criminal appeal on December 6, 2010.  (Doc. # 264.)  Plaintiff Robert Kahre made the same request with respect to his criminal counsel, Lisa A. Rasmussen, Esq., the following day.  (Doc. # 266.)  Simultaneous with these requests, Mr. Kennedy and Ms. Rasmussen filed motions requesting a stay of the proceedings and opposed the Federal Defendants' Motion.  (Docs. ## 265, 267.)   Pro Se Plaintiff Lee Belcher also filed an Opposition and Request for a Stay on his own behalf.  (Doc. # 269.)

On March 11, 2011, the Court denied Plaintiffs' requests to have their criminal counsels make limited appearances in these proceedings (Striking Order). ("Striking Order," Doc. # 278.)  Accordingly, the Court struck their motions for a stay and the oppositions.  (Id.)  On March 18, 2011, Ms. Rasmussen filed a notice of general appearance in this litigation on behalf of Plaintiff Robert Kahre.  (Doc. # 282.)  Ms. Rasmussen, in opposition to the Federal Defendants' Motion, filed a Motion for Stay, or for Extension of Time to Respond to Federal Defendants' Motion ("Stay Motion").  ("Stay Mot.," Doc. # 283.)

<u>DISCUSSION</u>

I.      <u>Relief Motion</u>

Mr. Cohan requests relief from the Court's Cohan Order pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(1).  In the Cohan Order, the Court noted that the record reflected Mr. Cohan made an appearance in these proceedings on October 9, 2008 despite an Order issued by Judge Pro denying Mr. Cohan's earlier request to practice <u>pro hac vice</u>.  (Cohan Order at 6–7.)  In the Relief Motion, Mr. Cohan argues that he did not make an appearance on October 9, 2008 but instead that his name was "inadvertently placed on [the document] without my knowledge . . . and it was filed without correcting that error."  (Relief Mot. at 2.)  Mr. Cohan has produced declarations in support of this assertion.  He specifically

13

requests that the Court strike its finding that "[o]n October 9, 2008, Mr. Cohan

appeared in this case on behalf of Robert Kahre" because he has a "right to be free

from what could be perceived or construed as professional misconduct."  (Relief

Mot. at 3.)  The Federal Defendants do not object.  (Doc. # 245.)

Rule 60 states:

On motion and just terms, the court may relieve a party or its legal
representative from a final judgment, order, or proceeding for the
following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could
not have been discovered in time to move for a new trial under
Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or
extrinsic), misrepresentation, or other misconduct of an adverse
party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or
a prior judgment upon which it is based has been reversed or
otherwise vacated, or it is no longer equitable that the judgment
should have prospective application; or
(6) any other reason justifying relief from the operation of the
judgment.

Fed. R. Civ. P. 60(b).   The major problem the Court has with Mr. Cohan's request

is that the Cohan Order is not final as contemplated by Rule 60.  "The addition of

the qualifying word 'final' emphasizes the character of the judgment, orders or

proceedings from which Rule 60(b) affords relief; . . . interlocutory judgments are

not brought within the restrictions of the rule . . . ."  Advisory Comm. Note to Fed. R. Civ. P. 60(b); <u>see also</u> 12 James Wm. Moore et al., Moore's Federal Practice § 60.23 ("The standard test for whether a judgment is 'final' is usually stated to be whether the judgment is sufficiently 'final' to be appealed."); <u>Santamarina v. Sears, Roebuck & Co.</u>, 466 F.3d 570, 571 (7th Cir. 2006) ("[Rule 60(b),] by its terms limited to 'final' judgments or orders, is inapplicable to interlocutory orders.").

Nonetheless the Court retains broad power to revisit interlocutory orders at any time during the course of a litigation.  Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment."  Fed. R. Civ. P. 54(b).  The Ninth Circuit has held that this rule grants "a district court . . . the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted."  <u>Am. Canoe Ass'n</u>, 326 F.3d at 514–15 (citing <u>Moses H. Cone Me. Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.")).  Accordingly, the Court will construe Mr. Cohan's request for relief per Rule 60(b) as a request for relief per Rule 54(b).  With no objection from the Federal Defendants the Court **GRANTS IN PART** Mr. Cohan's Relief Motion and

15

**STRIKES** its finding that Mr. Cohan intentionally made an appearance on behalf of Robert Kahre on October 9, 2008.  Mr. Cohan, however, is still not permitted to appear <u>pro</u> <u>hac</u> <u>vice</u> in these proceedings on behalf of the Plaintiffs as this was not the basis upon which the Court denied his request.

II.     <u>Dismissal with Prejudice</u>

As a preliminary matter, the Federal Defendants request that the Court dismiss with prejudice all plaintiffs that failed to file a Statement of Intent to Proceed.  (Mot. at 8.)  Of the twenty-four plaintiffs originally pursuing this litigation only seven filed statements stating they wanted to proceed with the action.  They are Brandon Kahre, John Kahre, Robert Kahre, Lee Belcher, Lori Kahre, Julio Vargas, and Gustavo Gutierrez.  (Docs. ## 237, 238, 248, 250, 251, 252, and 253.)  The Court was clear, "[e]ach Plaintiff whose mail (order and form) is returned as undeliverable and those Plaintiffs who do not respond (postmark date) on or before October 18, 2010, will be dismissed with prejudice from this action."  (Intent Order at 2.)  This is because each Plaintiff has a duty and responsibility to keep the Court apprised of their contact information if they wish to proceed or prosecute this litigation.  Accordingly, all other Plaintiffs are **DISMISSED** from the action.

The Federal Defendants also argue that John Kahre, Brandon Kahre, Julio Vargas, and Gustavo Gutierrez should be dismissed with prejudice from these proceedings as well for failing fully to complete their statements of intent. Specifically, these Plaintiffs stated that they wished to proceed but did not attest that they agreed to follow applicable rules and procedures as well as be personally liable for costs and fees that might be imposed by the Court. The Court will not dismiss these Plaintiffs from the action at this time. Instead, John Kahre, Brandon Kahre, Julio Vargas, and Gustavo Gutierrez are hereby directed to resubmit a Statement of Intent on or before April 11, 2011. If any of these four Plaintiffs fail to submit another Statement of Intent or fail to completely fill out the Statement of Intent indicating their willingness to abide by the rules and personally be liable for any costs awarded against them, he shall be dismissed from these proceedings with prejudice.

III.   Motion for Stay

In opposition to the Federal Defendants' Motion, Plaintiff Robert Kahre requests a stay of these proceedings. "The decision whether to stay civil proceedings in face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) (quoting

17

Fed. Sav. and Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989)); see

also Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005).  In determining

whether a stay of a pending proceeding is appropriate, the district court must weigh

"the competing interests which will be affected by the granting or refusal to grant a

stay . . . ."  Lockyer, 398 F.3d at 1110.  Generally a court should consider the

following factors in reaching a decision on whether to issue a stay:

> (1) the interest of the plaintiffs in proceeding expeditiously with this
> litigation or any particular aspect of it, and the potential prejudice to
> plaintiffs of a delay; (2) the burden which any particular aspect of the
> proceedings may impose on defendants; (3) the convenience of the
> court in the management of its cases, and the efficient use of judicial
> resources; (4) the interests of persons not parties to the civil litigation;
> and (5) the interest of the public in the pending civil and criminal
> litigation.

Keating, 45 F.3d at 325; see also Blue Cross and Blue Shield of Alabama v. Unity

Outpatient Surgery Ctr., Inc., 490 F.3d 718 (9th Cir. 2007) ("The district court is

required to perform a five-factor balancing test, considering the interests of the

parties, the public, and the court.")   Further, a court "should consider 'the extent

to which the defendants fifth amendment rights are implicated.'" Keating, 45 F.3d

at 324 (quoting Molinaro, 889 F.2d at 902).

        "A stay should not be granted unless it appears likely the other

proceedings will be concluded within a reasonable time."  Leyva v. Certified

Grocers of Ca., Ltd., 593 F.2d 857, 864 (9th Cir. 1997).  If a stay is granted, it should not be indefinite in nature.  Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007).  The party seeking the stay bears the burden of proving that a stay is warranted.  Clinton v. Jones, 520 U.S. 681, 708 (1997).

Plaintiff Robert Kahre proffers four primary reasons for staying the proceedings.  First, the proceedings implicate his Fifth Amendment rights in that anything he says could be used against him if the Ninth Circuit reverses his conviction and he is tried again.  (Opp'n at 4.)  Second, the Federal Defendants had earlier requested a stay pending completion of all the criminal actions.  (Id.)  Third, the Court granted the stay and found that "the interests of Mr. Kahre proceeding expeditiously with this litigation were outweighed by this Court's previous order granting the [Federal Defendants'] motion for emergency stay on July 12, 2005." (Id.)  Finally, Plaintiff Robert Kahre argues that the same interests which gave rise to the Order granting the stay still apply now.  (Id. at 5.)  Specifically, AUSA Damm continues to represent the United States in the Ninth Circuit appeal and, as the Court earlier found, proceeding now would impact "the public interest in maintaining the integrity of existing criminal prosecutions which involve

substantially the same facts which provide the basis for the instant <u>Bivens</u> actions
[and which] weigh in favor of the stay . . . ."  (<u>Id.</u>)

        The Court is not persuaded.  The most weighty factor in the instant
case is the fact that this litigation has been ongoing for eight years.  As Plaintiff
Robert Kahre notes, the Court has already granted a stay in the instant proceedings
for several years.  The Ninth Circuit has been clear— if a stay is granted, it should
not be indefinite in nature.  <u>Dependable Highway Exp.</u>, 498 F.3d at 1066–67.
Plaintiff Robert Kahre has given no indication of how long his appeal process will
take and the Court is unwilling to continue to stay these proceedings indefinitely
after eight years of non-action in this litigation.

        A consideration of the five-factor test yields the same result.  The first
factor is "the interest of the plaintiffs in proceeding expeditiously with this
litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a
delay"  <u>Keating</u>, 45 F.3d at 325.  Here Plaintiff Robert Kahre, rather than the
Federal Defendants, seeks the stay.  The Court nonetheless finds that this factor
weighs in favor of the Federal Defendants.  As noted this litigation has been
ongoing for eight years.  After nearly a decade the Federal Defendants are entitled
to have the claims against them resolved.  The second factor is "the burden which
any particular aspect of the proceedings may impose on defendants."  <u>Id.</u>  Again,

Plaintiff Kahre seeks the stay so the court will consider this factor from his

perspective.  While it is true that there are potentially Fifth Amendment

considerations at play here, Plaintiff Robert Kahre is now represented by counsel

in these proceedings.  Ms. Rasmussen, a practicing criminal defense attorney, is

more than capable of protecting his Fifth Amendment rights moving forward.  In

any event, Mr. Kahre already voluntarily and fully testified at his criminal trial—he

has therefore already waived his Fifth Amendment rights once, as has Plaintiff Lori

Kahre.  The third factor, the convenience of the court in the management of its

cases, and the efficient use of judicial resources, also weighs against staying the

proceedings.  Id.  The litigation has been ongoing for nearly a decade.  The Court

has an interest in moving this litigation forward in the interest of judicial economy.

The fourth factor, the interests of persons not parties to the civil litigation, is

neutral.  Id.  Finally, as Plaintiff Robert Kahre points out, the Court in its original

Stay Order noted concern about maintaining the integrity of existing criminal

prosecutions which involve substantially the same facts which provide the basis for

the instant Bivens action.  (Opp'n at 5.)  At the time this stay was granted,

however, the litigation was only two years old and the Kahre Plaintiffs had not

testified at their criminal trial.  (See Doc. # 99.)  Six years have since passed and

the other factors now weigh heavily in favor of proceeding with this litigation

21

notwithstanding the ongoing criminal appeal.  Accordingly, the Court **DENIES**

Plaintiff Robert Kahre's request for a stay of these proceedings.  For the same

reason, the Court also **DENIES** Pro Se Plaintiff Lee Belcher's request for a stay of

these proceedings as well.

IV.   <u>Motion for an Extension of Time/Continuance</u>

   In the alternative, Plaintiff Robert Kahre seeks an extension of time to

oppose the Motion. (Opp'n at 5–7.)  Ms. Rasmussen requests this time on Plaintiff

Robert Kahre's behalf for a number of reasons.  First, Plaintiff Robert Kahre is

currently incarcerated.  Second, he had only a week to oppose the Motion after the

Court struck Ms. Rasmussen's original opposition.  (<u>Id.</u> at 6.)  Third, Mr. Kahre

has had no opportunity to conduct discovery to oppose the Federal Defendants'

Motion.  (<u>Id.</u>)  Ms. Rasmussen argues she will have to visit Mr. Kahre in prison in

order to obtain the relevant information to oppose the Motion and that she simply

could not do so in such a limited time period.  (<u>Id.</u>)  Further, at the Hearing, Ms.

Rasmussen orally requested a continuance of the Hearing on the Motion.

Specifically, Ms. Rasmussen requested that the Hearing be continued because Mr.

E. Brent Bryson, Esq., had recently heard of these proceedings and had an interest

in representing the remaining Plaintiffs.

The Court appreciates Ms. Rasmussen's concerns and agrees that the Hearing on the Motion should be continued.  Indeed, in the Striking Order the Court noted that "[i]n the interests of justice, the Court will also consider a timely application to file supplemental papers after the Hearing if requested."  (Striking Order at 5.)  Given Ms. Rasmussen's arguments, as well as Mr. Bryson's potential interest in representing the Plaintiffs in these proceedings, the Court **GRANTS** Plaintiff Robert Kahre's extension of time to oppose the Motion and **CONTINUES** the Hearing.  The Court, however, has no interest in continuing the Hearing indefinitely.  Accordingly, if Mr. Bryson agrees to represent the Plaintiffs he must file a general appearance on or before April 19, 2011.  The Court hereby **SETS** the following amended briefing schedule:

Plaintiffs shall oppose the Motion no later than May 10, 2011.

Federal Defendants shall reply on or before May 24, 2011.

CONCLUSION

For the reasons stated above, the Court: (1) **GRANTS IN PART** William A. Cohan's Verified Motion for Relief from Order Pursuant to F. R. Civ. P. 60(b) (Doc. # 239); (2) **DISMISSES** all Plaintiffs from the action except for Brandon Kahre, John Kahre, Robert Kahre, Lee Belcher, Lori Kahre, Julio Vargas, and Gustavo Gutierrez; (3) **GRANTS IN PART AND DENIES IN PART**

Plaintiff Robert Kahre's Motion For Stay; or for Extension of Time to Respond to Federal Defendants' Motion (Doc. # 283); (4) **DENIES** Pro Se Plaintiff Lee Belcher's Motion to Stay Until the Completion of the Criminal Appeal/ Proceedings (Doc. # 269); and (5) **SETS** an amended briefing schedule for the Federal Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. # 254).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 31, 2011.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE

Allen, et al., v. Damm, et al., Cv. Nos. S-03-1358-DAE-RJJ, S-05-0472-DAE-RJJ; ORDER: (1) GRANTING IN PART WILLIAM A. COHAN'S VERIFIED MOTION FOR RELIEF FROM ORDER PURSUANT TO F. R. CIV. P. 60(b); (2) DISMISSING ALL PLAINTIFFS FROM THE ACTION EXCEPT FOR BRANDON KAHRE, JOHN KAHRE, ROBERT KAHRE, LEE BELCHER, LORI KAHRE, JULIO VARGAS, AND GUSTAVO GUTIERREZ; (3) GRANTING IN PART AND DENYING IN PART PLAINTIFF ROBERT KAHRE'S MOTION FOR STAY, OR FOR EXTENSION OF TIME TO RESPOND TO FEDERAL DEFENDANTS' MOTION; (4) DENYING PRO SE PLAINTIFF LEE BELCHER'S MOTION TO STAY UNTIL THE COMPLETION OF THE CRIMINAL APPEAL/PROCEEDINGS; AND (5) SETTING AN AMENDED BRIEFING SCHEDULE FOR DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT