IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES ALLEN, et al., | ) | CV. NO.  03-01358-DAE-RJJ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT

On March 23, 2012, the Court heard the Federal Defendants' Motion for Partial Summary Judgment.  (Doc. # 301.)  E. Brent Bryson, Esq., appeared on behalf of Plaintiffs Lori Kahre and Lee Belcher, but no one appeared at the hearing on behalf of Plaintiff Robert Kahre ("Kahre").  Charles M. Duffy, Esq., appeared at the hearing on behalf of the Federal Defendants.  After reviewing the Motion and the supporting and opposing memoranda, the Court **GRANTS** the Federal Defendants' Motion for Partial Summary Judgment.

BACKGROUND

I.      Factual Background

Plaintiffs are a self-proclaimed group of individuals boycotting the Federal Reserve System by using gold and silver coins manufactured by the United States Mint as a medium of exchange and "thereby avoiding income taxes imposed due to the exchange rate between gold and silver dollars and Federal Reserve Notes denominated as if they were dollars." ("Pro Order," Doc. # 56 at 2.) Plaintiffs have filed suit against a variety of defendants for alleged constitutional violations.  Plaintiffs originally named as defendants the United States of America, two of its executive subdivisions—the United States Department of Justice ("DOJ") and the Internal Revenue Service ("IRS")—as well as several individuals who work for the federal government.  (Id.)  The Complaint also originally named high ranking officials in the DOJ and IRS, federal strike force/swat team members, and NLVPD police officers as defendants.  (Id.)

After several years of litigation, there now remain three claims in this action.  One of those claims is based on the allegedly unlawful arrest of Kahre on May 29, 2003 at the Bank of the West ("Bank") in Henderson, Nevada.  (See "SAC," Doc. # 104 ¶ 456.)  Plaintiffs allege that IRS Agent Jared Halper ("Halper") arrested him pursuant to a state bench warrant even though Halper was

unauthorized to do so as an IRS agent.[1]  According to Plaintiffs, Kahre went to the

Bank on that day for a prearranged meeting with a customer service manager to

exchange two checks for $230,913,000 for Federal Reserve Notes.  (See SAC

¶ 455.)  Plaintiffs allege that when Kahre completed his transaction, he was

approached by a group of law enforcement officers claiming to be FBI and IRS

agents.  (Id. ¶ 456.)  One of them allegedly told Kahre "I am IRS Special Agent

Jared Halper."  (Id.)  The group of agents proceeded to remove Kahre's shoulder

bag, place him in handcuffs, and inform him of a Nevada state bench warrant for

his arrest.  (Id. ¶¶ 456–59.)  Plaintiffs allege that two purported FBI agents then put

Kahre in a police car and drove him to a WalMart parking lot, where the FBI

agents turned Kahre over to a Las Vegas Metropolitan Police Department officer.

---

[1] The Court notes that the Ninth Circuit recently found that plaintiffs
convicted of a crime may be barred from bringing 42 U.S.C. § 1983 claims against
police if a verdict in plaintiff's favor would tend to undermine the plaintiff's
criminal conviction.  See Beets v. County of Los Angeles, – F.3d –, No. 10–55036,
2012 WL 414668, at *1–*2 (9th Cir. Feb. 10, 2012) (barring plaintiff's excessive
force claim against police because plaintiff's conviction rested on a jury finding
that the police officer was in the lawful performance of his duties and did not use
excessive force, so a civil verdict in plaintiff's favor would "necessarily imply the
invalidity of her conviction").  This recent decision does not apply in the instant
case because Halper's alleged actions at Kahre's arrest can be separated temporally
and spatially from the criminal activity that gave rise to Kahre's conviction (i.e. tax
evasion).  See Beets, 2012 WL 414668, at *3.  Accordingly, a verdict in Kahre's
favor here would not undermine his criminal conviction.  Kahre therefore is not
barred from bringing the instant § 1983 claim.

(<u>Id.</u> ¶¶ 467–468.)  Kahre was arrested pursuant to a bench warrant obtained from Judge Mark Denton of the District Court for Clark County, Nevada.  ("First Halper Decl.," Doc. # 22 ¶ 22.)

II.     <u>Procedural History</u>

        On October 30, 2003, Plaintiffs filed their first complaint seeking injunctive relief against the United States and damages against unknown individual federal employees and State of Nevada employees pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u> (Bivens), 403 U.S. 388 (1971) and 42 U.S.C. § 1983 as well as Nevada State law.  (Doc. # 1.)  On February 18, 2004, the Federal Defendants filed Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) or, in the alternative, for Summary Judgment ("2004 Motions").  (Docs. ## 20–21.)  On October 4, 2004, United States District Judge Philip M. Pro granted in part and denied in part Defendants' 2004 Motions. (Doc. # 56.)  In his Order, Judge Pro found that Harper was not entitled to qualified immunity on Kahre's unlawful arrest claim because he "exceeded his authority in arresting Kahre pursuant to a state bench warrant unrelated to internal revenue laws."  (<u>Id.</u> at 20.)  In reaching this conclusion, Judge Pro noted that while FBI agents would be authorized to execute the arrest warrant for Kahre, IRS agents are not so authorized.  (<u>Id.</u>)

4

On August 12, 2004, Plaintiffs filed their first amended complaint. (Doc. # 53.)  On April 5, 2005, a federal grand jury returned an indictment against the majority of the Plaintiffs for charges relating to tax evasion.  (Cr. 2:05-cr-00121-RCJ-RJJ, Doc. # 1.)  On July 12, 2005, the Court stayed discovery proceedings pending resolution of the criminal cases against eleven of the Plaintiffs in the instant action.  (Doc. # 99.)  On November 14, 2005, Plaintiffs filed a second amended complaint. (Doc. # 104.)  On August 29, 2006, the Court refused to grant leave for Plaintiffs to file a third amended complaint. (Doc. # 154.)  On February 23, 2007, Plaintiff Robert Kahre commenced another lawsuit against many of the same Defendants in the instant case, alleging numerous Racketeer Influenced and Corrupt Organizations (RICO) violations.[2]  (See Cv. 2:07-cv-00231-DAE-RJJ.)

In 2009, three of the remaining Plaintiffs were adjudged guilty in their criminal cases. (See Cr. 2:05-cr-00121-RCJ-RJJ.)  Specifically, John Kahre pleaded guilty to five counts of willfully attempting to evade and defeat tax (see Cr. 2:05-cr-00121-RCJ-RJJ, Doc. ## 605, 2614); Robert Kahre was found guilty of multiple counts of conspiracy to defraud, willfully failing to collect and pay over

---

[2]This Court ultimately dismissed the myriad claims in that suit, (Cv. 2:07-cv-00231-DAE-RJJ, Doc. # 95), and was affirmed on appeal by the Ninth Circuit (Cv. 2:07-cv-00231-DAE RJJ, Doc. # 107).

tax, attempting to interfere with the administration of the Internal Revenue law, attempting to evade and defeat tax, and wire fraud (see Cr. 2:05-cr-00121-RCJ-RJJ, Doc. ## 1671, 2615); and Lori Kahre was found guilty of multiple counts of conspiracy to defraud, attempting to interfere with the administration of the Internal Revenue law, making a false statement to a bank and attempting to evade and defeat tax (see Cr. 2:05-cr-00121-RCJ-RJJ), Doc. ## 1671, 2623).

The Court sua sponte lifted the stay in these proceedings on September 7, 2010.  (Doc. # 225.)  On November 15, 2010, the Federal Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment.  (Doc. # 254.)  In their July 25, 2011 reply brief, the Federal Defendants argued that they were entitled to summary judgment because regardless of whether Halper participated in the arrest, it is undisputed that at least one FBI agent with the authority to arrest Kahre also participated in the arrest.  (Doc. # 299.)  In its September 2, 2011 Order, the Court declined to address this issue because it was raised for the first time in a reply brief but noted that the Federal Defendants were free to raise the argument in a subsequent Motion for Summary Judgment.  (Doc. # 300 n.4.)

Pursuant to the Court's Order, the Federal Defendants filed the instant Motion for Partial Summary Judgment as to Kahre's wrongful arrest claim on September 29, 2011.  ("Mot.," Doc. #301.)  On October 17, 2011, Plaintiff Kahre filed a Memorandum in Opposition to the Motion.  ("Opp.," Doc. # 303.)  On October 27, 2011, the Federal Defendants filed a Reply in further support of its Motion.  ("Reply," Doc. # 307.)  On October 31, 2011, Plaintiffs Lori Kahre and Lee Belcher filed a Joinder to the Opposition ("Joinder").  ("Joinder," Doc. #308.)

STANDARD OF REVIEW

Summary judgment is granted under Federal Rule of Civil Procedure 56 when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  A main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323–24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial—usually,

7

but not always, the defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Assoc.</u>, 809 F.2d 626, 630 (9th Cir. 1987) (citing <u>Celotex Corp.</u>, 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings.  <u>Porter</u>, 419 F.3d at 891 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).  In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers.  <u>S. Cal. Gas Co. v. City of Santa Ana</u>, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties.").  "[A]t least some 'significant probative evidence' " must be produced.  <u>T.W. Elec. Serv.</u>, 809 F.2d at

630 (quoting <u>First Nat'l Bank of Ariz. v. Cities Serv. Co.</u>, 391 U.S. 253, 290, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968)).  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." <u>Addisu</u>, 198 F.3d at 1134.  Further, the Ninth Circuit has "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002) (citing <u>Kennedy v. Applause, Inc.</u>, 90 F.3d 1477, 1481 (9th Cir. 1996)).  "Conclusory allegations unsupported by factual data cannot defeat summary judgment." <u>Rivera v. Nat'l R.R. Passenger Corp.</u>, 331 F.3d 1074, 1078 (9th Cir. 2003).

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party. <u>Porter</u>, 419 F.3d at 891. The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. <u>Id.</u>; <u>see also</u> <u>Nelson v. City of Davis</u>, 571 F.3d 924 (9th Cir. 2009) ("[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts

are jury functions, not those of a judge.") (citations omitted).  However, inferences

may be drawn from underlying facts not in dispute, as well as from disputed facts

that the judge is required to resolve in favor of the nonmoving party.  T.W. Elec.

Serv., 809 F.2d at 631.

DISCUSSION

As a preliminary matter, Plaintiffs challenge the instant Motion for

Partial Summary Judgment as an improper attempt to seek reconsideration of

Judge Pro's 2004 Order.  This argument lacks merit for two reasons.  First, it is not

clear to the Court how the instant motion constitutes an attempt to reconsider that

decision.  With respect to Kahre's unlawful arrest claim, Judge Pro merely held

that IRS Agent Harper was not entitled to qualified immunity.  The Federal

Defendants have not asked this Court to reconsider that decision.

Second, the Ninth Circuit has made clear that "one judge may

'overrule the order of another under proper circumstances,' and where the

successor judge is asked to overrule the earlier order, 'the question becomes one of

the proper exercise of judicial discretion.'"  Fairbank v. Wunderman Cato Johnson,

212 F.3d 528, 530 (9th Cir. 2000) (quoting Castner v. First Nat'l Bank of

Anchorage, 278 F.2d 376, 380 (9th Cir. 1960)).  "Judicial discretion is important

here because ultimately the judge who enters the final judgment in the case is

10

responsible for the legal sufficiency of the ruling." Id.  To strike a balance

between principles of comity and uniformity on the one hand and each judge's

independent duty to correctly apply the law on the other, the Ninth Circuit has held

that a District Court in its discretion may modify or overrule prior interlocutory

decisions entered by another judge in the same case if there are "cogent reasons" or

"exceptional circumstances" for doing so.  Id. at 532; see, e.g., Castner, 278 F.2d at

380 (holding that there was no abuse of discretion in overruling the prior judge

where the second judge was firmly convinced that an error of law had been

committed in denying a prior motion to dismiss and motion for summary

judgment); cf. Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005) (holding that

a court abuses its discretion in applying the law of the case doctrine if the first

decision was clearly erroneous or a manifest injustice would otherwise result).

Therefore, even if the instant Motion could be considered a request for

reconsideration of Judge Pro's Order, this Court clearly has the authority to revisit

that decision.

          In the instant Motion, Defendants argue that they are entitled to

summary judgment as to Kahre's wrongful arrest claim because the undisputed

facts establish that at least one FBI agent participated in the arrest.  (Mot. at 2.)

According to Defendants, it is not material whether Agent Halper participated in

11

Kahre's May 29, 2003 arrest because the participation of at least one FBI agent makes the arrest valid as a matter of law.  (Id. at 4.)

Under Nevada law, FBI agents are authorized to execute state arrest warrants "for public offenses."  See Nev. Rev. Stat. § 171.1245(5).  Although Nevada does not define the term "public offenses," Black's Law Dictionary defines "public offense" as "an act or omission forbidden by law."  Black's Law Dictionary 1188 (9th ed. 2009).

In evaluating whether it is proper for officers to bring a third party to the execution of an arrest warrant, the U.S. Supreme Court has considered whether the third party's purpose is to help further the execution of the warrant.  See, e.g., Wilson v. Layne, 526 U.S. 603, 611–612 (1999) (noting that courts have long approved of the presence of a third party to help police identify stolen property, but holding that "it is a violation of the Fourth Amendment for police to bring members of the media or other third parties into a home during the execution of a warrant when the presence of the third parties in the home was not in aid of the execution of the warrant.").  Courts have also considered whether a third party is supervised or accompanied by an officer who is authorized to carry out the warrant.  See, e.g., Santoni v. Potter, 369 F.3d 594, 601 (1st Cir. 2004) (finding that a postal inspector lawfully participated in an arrest, despite lacking authority under

12

state law to execute state arrest warrants, because the arrest was carried out under the lawful authority of a sheriff).  In <u>Santoni</u>, the court noted that "it would be elevating form over substance to conclude that the validity of the arrest depended on which of the two men uttered the words 'You are under arrest,' or placed the Plaintiff in handcuffs."  369 F.3d at 600–01.

Here, Judge Denton issued a bench warrant for the arrest of Kahre for his failure to appear on December 9, 2002 as directed in an Order to Show Cause issued by the District Court for Clark County, Nevada.  (Halper First Decl. ¶ 22; <u>id.</u> at Ex. 16.)  Since this constitutes an act forbidden by law, i.e., a public offense, the Court concludes that FBI agents were authorized to execute the state arrest warrant for Kahre.

The undisputed facts establish that at least one FBI agent participated in Kahre's arrest.  Former FBI Special Agent Richard L. Beasley states in his declaration that he was at the Bank on May 29, 2003 and participated in the arrest of Robert Kahre, including helping to handcuff Kahre.  ("Beasley Decl." ¶ 3.) Beasley notes that FBI Agent Larry Wenko was also present at the arrest.  (<u>Id.</u> ¶ 3.) Kahre has also repeatedly admitted that FBI agents participated in his arrest.  He alleges in the SAC that he was handcuffed by "five men who claimed they

13

were FBI and IRS agents," (SAC ¶ 456), and that FBI Agents transported him from the scene to a parking lot to meet the state police officer.[3]  (Id. ¶ 467.)  Kahre also stated in a declaration that one of the agents who approached him at the Bank "identified himself as FBI but did not state his name."   ("Kahre Decl.," Doc # 39, at 6.)  Additionally, Kahre has asserted that FBI agents participated in the arrest in other related proceedings.  (See Cr. No. 05-00121 DAE-RJJ, Doc. # 2117 ¶ 5 (referring to "the events surrounding his illegal arrest by Halper and other IRS and FBI officers on May 29, 2003"); see also Cv. No. 07-00231 DAE-RJJ, Doc. # 1 ¶ 441.)  In short, Kahre has consistently maintained that FBI agents were involved in his arrest.  Kahre has not submitted a declaration stating that his previous descriptions of the arrest were inaccurate, nor has he proffered any other evidence to suggest that FBI agents were not in fact present at his arrest.[4]  Based on the

---

[3]Plaintiff's factual allegations in the complaint are admissions which are admissible evidence for summary judgment. Fed. R. Evid. 801(d)(2); see Am. Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988) ("A statement in a complaint . . . is a judicial admission . . . .").

[4]In reaching this conclusion, the Court notes that the statements cited by Plaintiff in Police Officer Aiken's Declaration of Arrest as well as the statements in the motion filed by the Nevada Employment Security Division merely indicate that IRS agents participated in the arrest.  These statements in no way suggest that IRS agents were the only federal agents/officers at the arrest, nor do they otherwise preclude a finding that FBI agents also participated in the arrest.  In other words, construing these statements in the light most favorable to Plaintiff, they nonetheless fail to raise a triable issue as to whether any FBI agents participated in the arrest.

14

undisputed facts as set forth in the record, the Court concludes that FBI agents authorized to execute the state arrest warrant participated in Kahre's arrest.

Although the parties continue to disagree about precisely when Halper arrived on the scene and what exactly he did during the arrest, the Court concludes that these are not disputed issues of <u>material</u> fact that go to the merits of Kahre's unlawful arrest claim.  In other words, even assuming the truth of Plaintiffs' allegations regarding Halper's involvement, it does not follow that his participation invalidates an otherwise lawful arrest.

The undisputed facts plainly establish that Halper's purpose in being at the Bank was to further the execution of the arrest warrant.  Halper states in his declaration that he attended the pre-operational briefing with the entire law enforcement team, which included FBI-SWAT team members and Nevada SWAT team members, to plan the procedure for the arrest.  (<u>See</u> Halper First Decl. ¶ 22.) At the meeting, Halper provided an overview of the investigation of Kahre and the criminal apprehension team briefed everyone on the entry and clearing procedures for the arrest.  (<u>Id.</u>)  Kahre also admits in the SAC that Halper was a part of the group of agents who first approached him, removed his shoulder bag, placed him

in handcuffs, and informed him of the state bench warrant for his arrest.  (SAC ¶¶ 456–59.)

In sum, the undisputed facts establish that Halper was accompanied by a group of law enforcement officers, that included FBI agents authorized to execute the state arrest warrant, and that his purpose in being there was to help execute the warrant.  Under these circumstances, the Court concludes as a matter of law that Halper is not liable as to the claim that he arrested Kahre when he was not authorized to do so.

The Court also denies Plaintiffs' request for a continuance under Rule 569(d).  A party requesting a continuance, denial, or other order under Rule 56(d) must demonstrate: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."  Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (citing California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998)); Fed. R. Civ. P. 56(d).  "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment."  Chance v. Pac-Tel Teletrac Inc., 242 F.3 1151, 1161 n.6 (9th Cir.

2001); see also Tatum v. City & Cnty. of S.F., 441 F.3d 1090, 1100 (9th Cir.

2006).  The moving party must also show that it was diligent in pursuing its

previous discovery opportunities. See Qualls v. Blue Cross of Cal., Inc., 22 F.3d

839, 844 (9th Cir. 1994).  Failing to meet this burden "is grounds for the denial" of

a Rule 56(d) motion.  Pfingston v. Ronan Eng. Co., 284 F.3d 999, 1005 (9th Cir.

2002).

        Kahre has fallen woefully short of meeting this burden here.  Plaintiffs

have not submitted to the Court "an affidavit or declaration" showing that "for

specified reasons, [Kahre] cannot present facts essential to justify [his] opposition."

Fed. R. Civ. P. 56(d).  Indeed, he has not proffered any facts to show that any

evidence exists that would prevent summary judgment as to this claim.  The Court

also notes that "Rule [56(d) ] is not a license for a fishing expedition in the hopes

that one might find facts to support its claims." Painsolvers, Inc. v. State Farm

Mut. Auto. Ins. Co., 732 F. Supp. 2d 1107, 1125 (D. Haw. 2010).  Therefore,

Kahre's speculations as to the myriad disputed facts that may be found are not

persuasive.

CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Federal

Defendants' Motion for Partial Summary Judgment.


IT IS SO ORDERED.

Dated: Honolulu, Hawaii, April 24, 2012.


_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE



Charles Allen, et al. v. United States of America, et al., Cv. No. 03-01358-DAE-RJJ; ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT