UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHARLES ALLEN, et al., )
)
    Plaintiff, )    2:03-cv-01358-DAE-RJJ
)
vs. )
)    **O R D E R**
UNITED STATES OF AMERICA, et al., )
)
    Defendant. )
_____ )

    This matter is before the Court on Defendants' Motion to Quash and for a Protective Order (#320). The Court has considered the Motion (#320); the Plaintiff Robert Kahre's Response (#328); and Defendants' Reply (#331).

**BACKGROUND**

    The Federal Defendants have moved to quash the subpoenas for deposition testimony of current or former IRS employees Dennis Crowther, Anthony Denn, Jared Halper, Bert Lott, Christian Mickelsen, Robert Salisbury, Eric Tunnell, and Assistant United States Attorney Gregg Damm. The Federal Defendants have also moved to quash the subpoena for document production directed to FBI employee Richard Beasley by Plaintiff Robert Kahre. Additionally, the federal defendants have requested a protective order setting forth that they do not have to respond to the interrogatories and requests for production of documents that Kahre directed to Crowther, Damm, and Halper.

    The Federal Defendants argue that the above requested discovery is moot because it relates to claims which no longer exist. The Federal Defendants assert that the claims were disposed of in

the Order Granting Motion for Partial Summary Judgment (#319).  Kahre and his attorneys counter that the claims are all still live and have moved for reconsideration of the Court's Order. Kahre's Motion for Reconsideration (#325). Accordingly, Kahre asserts, he is entitled to discovery on those claims.

The Federal Defendants attached a Statement of Certification pursuant to LR 26-7 to the present motion indicating that they have satisfied the meet and confer requirement. The Federal Defendants assert that they met LR 26-7 by sending one letter and leaving a telephone message two business days before filing the present motion.  The letter described the Government's position that the requested discovery is moot. See Letter dated April 26, 2012, attached as Exhibit A to the Declaration of Charles Duffy (#323).  Kahre's counsel responded to the letter stating that the discovery requests were not moot. See Letter dated May 10, 2012, attached as Exhibit B to the Declaration of Charles Duffy (#323). On May 17, 2012, the Government called Kahre's counsel and left a telephone message.  Declaration of Charles Duffy (#323).  The telephone message did not mention this discovery dispute. Kahre's Response (#328). Kahre's counsel did not immediately return the call. Declaration of Charles Duffy (#323). Two business days later, on May 21, 2012, the Government filed the present Motion to Quash (#320). Responses to the disputed discovery requests were due on May 22, 2012.

**DISCUSSION**

The parties dispute whether LR 26-7 was satisfied by the Defendants.

LR 26-7(b) provides that "[d]iscovery motion will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7.  The mere exchange of letters does not satisfy the personal consultation requirement. *ShuffleMaster, Inc. V. Progressive Games, Inc.*, 170 F.R.D. 166, 172 (D. Nev. 1996).  Personal consultation means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster*, 170 F.R.D. at 171. Meaningful discussion means the parties must present the merits of their respective positions and assess the relative strengths of each. See *Fifty-Six*

*Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *11 (D. Nev. June 11, 2007).

The Government's single letter and nondescript telephone message do not show a genuine attempt to meet and confer. Concerning the letter, the Government attempted to assert that the letter itself satisfies the meet and confer requirement. See Letter dated April 26, 2012, attached as Exhibit A to the Declaration of Charles Duffy (#323). A letter is not personal consultation and does not meet LR 26-7. See *ShuffleMaster*, 170 F.R.D. at 171. The telephone message was also not sufficient. The message was left two business days before the Government filed the Motion to Quash (#320) and did not mention this discovery dispute. This allowed Kahre's counsel virtually no opportunity to respond or suggest a meet and confer concerning this dispute.

Kahre argues that the Government's failure to meet LR 26-7 is further demonstrated by the fact that the Government never emailed Kahre about this issue. Kahre and the Governments have been routinely communicating via email on all other issues, particularly due to the time difference between Las Vegas and Washington, D.C. However, the Government sent no email indicating a desire to meet and confer regarding this discovery dispute.

This failure to email opposing counsel, in addition to only sending a single letter and leaving a nondescript telephone message, does not meet LR 26-7. Accordingly, the Court will deny the Motion to Quash and for Protective Order (#320) for failure to meet LR 26-7.

Further, to briefly discuss the merits, all of the disputed issues in this motion center around whether Kahre still has live claims after the Order Granting Motion for Partial Summary Judgment (#319). Whether Kahre still has live claims is a dispositive issue and therefore it is for the District Court Judge to decide. Indeed this question is already before the District Court Judge in Kahre's Motion for Reconsideration (#325). Once it is determined which of Kahre's claims persist, the parties should provide discovery appropriately.

...

...

...

...

...

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant's Motion to Quash and for Protective Order (#320) is **DENIED**.

DATED this  26th  day of October 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge