IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES ALLEN, et al., | ) | CV. NO. 03-01358-DAE-RJJ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING FEDERAL DEFENDANTS' MOTION TO DISMISS
PLAINTIFF ROBERT KAHRE AND DEFENDANT JARED HALPER

Pursuant to Nevada Local Rule 78-2, the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion to Dismiss Plaintiff Robert Kahre and Defendant Jared Halper filed by the Federal Defendants ("Defendants"), and the supporting and opposing memoranda, the Court **DENIES** Defendants' Motion (doc. # 321).

BACKGROUND

I.   Factual Allegations

Plaintiffs describe themselves as a group of individuals boycotting the Federal Reserve System by using gold and silver coins manufactured by the United

1

States Mint as a medium of exchange and "thereby avoiding income taxes imposed due to the exchange rate between gold and silver dollars and Federal Reserve Notes denominated as if they were dollars."  ("Pro Order," Doc. # 56 at 2.)  Plaintiffs have filed suit against high ranking officials in the Department of Justice ("DOJ") and Internal Revenue Service ("IRS"), federal strike force/SWAT team members, and North Las Vegas Police Department officers, alleging numerous constitutional violations.  (Id.)  Specifically, the Second Amended Complaint ("SAC") alleges that Defendants retaliated against Plaintiffs for engaging in protected First Amendment activity ("SAC," Doc. # 104 at ¶¶ 21–27); used excessive force, unreasonably detained Plaintiffs, and engaged in the unnecessary destruction of property and other misconduct in the execution of search warrants, in violation of the Fourth Amendment (id. at ¶¶ 27–39); violated Plaintiffs' Fifth and Fourteenth Amendment right to due process and freedom from compelled self-incrimination by using grand jury proceedings to elicit evidence for use in civil tax cases (id. at ¶¶ 62–65), utilizing warrant-less arrests and excessive force to coerce bystanders to submit to interrogations (id. at ¶¶ 66–71), and failing to serve search warrants to lawful tenants of property being searched (id. at ¶¶ 72–74); and, finally, conspired to violate Plaintiffs' First and Fourth Amendment rights (id. at ¶¶ 75–77).  After years

of litigation and several dispositive motions, many of Plaintiffs' claims have been disposed of.

II.     Procedural History

On October 30, 2003, Plaintiffs filed their first complaint seeking injunctive relief against the United States and damages against unknown individual federal employees and State of Nevada employees pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u> ("<u>Bivens</u>"), 403 U.S. 388 (1971) and 42 U.S.C. § 1983 as well as Nevada state law.  (Doc. # 1.)  On February 18, 2004, the Federal Defendants filed Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) or, in the alternative, for Summary Judgment ("2004 Motions").  (Docs. ## 20–21.)  On August 12, 2004, Plaintiffs filed their First Amended Complaint.  (Doc. # 53.)  On October 4, 2004, United States District Judge Philip M. Pro granted in part and denied in part Defendants' 2004 Motions.[1]  (Pro Order.)

In his Order, Judge Pro found that under Ninth Circuit precedent, "no <u>Bivens</u> action may lie for any alleged constitutional violation stemming from the assessment and collection efforts of IRS agents whenever there [are] meaningful and adequate protections available to the plaintiff" under the Tax Equity and Fiscal

---

[1] For purposes of this Order, the Court will address in detail only those parts of Judge Pro's October 4, 2004 Order relating to Plaintiff Robert Kahre's claims.

Responsibility Act of 1982 ("TEFRA").  (Id. at 9.)  Accordingly, he dismissed all claims against IRS agents regarding alleged violations of First Amendment rights and claims regarding the seizure of Robert Kahre's gold, silver and other currency to satisfy unpaid federal tax obligations.  (Id. at 11, 23.)  Judge Pro found that Robert Kahre was not present when the challenged search warrants were executed and thus did not have standing to challenge the defendants' failure to knock and announce and to present the warrant.  (Id. at 10–11.)  Judge Pro also dismissed Robert Kahre's claims regarding the sufficiency of the search warrant, all claims arising from alleged violations of the Fifth Amendment protection against self-incrimination, and claims against Assistant United States Attorney ("AUSA") Gregory Damm ("Damm") relating to the drafting of the search warrant application and supporting affidavit.  (Id. at 24.)  Judge Pro denied Defendants' 2004 Motions with respect to Plaintiffs' allegations that Defendant Damm planned every aspect of an unlawful raid.  (Id. at 24.)  Judge Pro also denied Defendants' 2004 Motions with respect to Robert Kahre's unlawful arrest claim.  (Id. at 20–21.)

On April 5, 2005, a federal grand jury returned an indictment against the majority of the Plaintiffs for charges relating to tax evasion.  (Cr. 2:05–cr–00121–RCJ–RJJ, Doc. # 1.)  On July 12, 2005, the Court stayed discovery proceedings pending resolution of the criminal cases against eleven of the Plaintiffs

in the instant action. (Doc. # 99.) On November 14, 2005, Plaintiffs filed a Second Amended Complaint. (SAC.) On August 29, 2006, the Court refused to grant leave for Plaintiffs to file a third amended complaint. (Doc. # 154.) On February 23, 2007, Plaintiff Robert Kahre commenced another lawsuit against many of the same Defendants in the instant case, alleging numerous Racketeer Influenced and Corrupt Organizations (RICO) violations.[2] (See Cv. 2:07–cv–00231–DAE–RJJ.)

In 2009, three of the remaining Plaintiffs were adjudged guilty in their criminal cases. (See Cr. 2:05–cr–00121–RCJ–RJJ.) Specifically, John Kahre pleaded guilty to five counts of willfully attempting to evade and defeat tax (see Cr. 2:05–cr–00121–RCJ–RJJ, Docs. ## 605, 2614); Robert Kahre was found guilty of multiple counts of conspiracy to defraud, willfully failing to collect and pay over tax, attempting to interfere with the administration of the Internal Revenue law, attempting to evade and defeat tax, and wire fraud (see Cr. 2:05–cr–00121–RCJ–RJJ, Docs. ## 1671, 2615); and Lori Kahre was found guilty of multiple counts of conspiracy to defraud, attempting to interfere with the administration of the Internal Revenue law, making a false statement to a bank and

---

[2] This Court ultimately dismissed the myriad claims in that suit, (Cv.2:07–cv–00231–DAE–RJJ, Doc. # 95), and was affirmed on appeal by the Ninth Circuit (Cv. 2:07–cv–00231–DAE RJJ, Doc. # 107).

attempting to evade and defeat tax (see Cr. 2:05–cr–00121–RCJ–RJJ, Docs. ## 1671, 2623).

The Court sua sponte lifted the stay in these proceedings on September 7, 2010. (Doc. # 225.) Only three Plaintiffs elected to proceed: Robert Kahre, Lori Kahre, and Lee Belcher. (Doc. # 300 at 19.) On November 15, 2010, the Federal Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defendants' 2010 Motion"). (Doc. # 254.) In its Order addressing Defendants' 2010 Motion, the Court identified five categories of claims that had not been dismissed in Judge Pro's October 4, 2004 Order granting in part and denying in part Defendants' 2004 Motions:

1. Plaintiffs' claims for unreasonable detention arising from the execution of a search warrant at Kimberly Avenue;
2. Plaintiffs' claims of excessive force by federal agents during the execution of a search warrant at Kimberly Avenue;
3. Plaintiff Robert Kahre's claim for unlawful arrest against Defendant Halper;
4. Plaintiffs' claims against Defendant Damm for the alleged planning of unlawful raids;
5. Plaintiff Lori Kahre's claim of unreasonable search and seizure.

(Doc. # 300 at 20.)

The Court determined that Defendants were entitled to summary judgment with respect to the alleged misconduct at Kimberly Avenue, thus disposing of Plaintiffs' unreasonable detention and excessive force claims. (Id.)

The Court noted that none of the remaining plaintiffs, including Robert Kahre, were present at Kimberly Avenue when the alleged misconduct took place, and thus "[did] not have standing to seek redress for constitutional injuries that other individuals sustained there." (Id. at 21–22.) The Court denied Defendants' 2010 Motion with respect to Robert Kahre's unlawful arrest claim, Lori Kahre's claim that federal agents unlawfully searched her residence, and the claim that AUSA Damm planned unlawful raids. (Id. at 23, 28.) The Court found that Plaintiffs were entitled to a continuance for purposes of conducting further discovery as to those claims. (Id. at 28.)

The Federal Defendants then filed a Motion for Partial Summary Judgment as to Robert Kahre's wrongful arrest claim on September 29, 2011. (Doc. # 301.) On April 24, 2012, after a hearing on the Motion, the Court issued an Order Granting Defendants' Motion for Partial Summary Judgment, thereby disposing of Robert Kahre's wrongful arrest claim. (Doc. # 319.) On May 25, 2012, Robert Kahre filed a Motion for Reconsideration of this Court's April 24, 2012 Order. (Doc. # 325.) On November 13, 2012, the Court denied the Motion for Reconsideration. (Doc. # 354.)

On May 21, 2012, Defendants filed a Motion to Dismiss Plaintiff Robert Kahre and Defendant Jared Halper. ("Mot.," Doc. # 321.) On June 5, 2012,

Plaintiff Robert Kahre filed a Combined Opposition to the Federal Defendants': (1) Motion to Quash Subpoenas Served by Robert Kahre and for a Protective Order Regarding other Discovery Served by Him; and (2) Motion to Dismiss Plaintiff Robert Kahre and Defendant Jared Halper. ("Opp.," Doc. # 328.) On June 13, 2012, Defendants filed a Reply in further support of their Motion. ("Reply," Doc. # 331.)

## DISCUSSION

Defendants move to dismiss Plaintiff Robert Kahre ("Kahre") and Defendant Jared Halper ("Halper") from the case on the ground that Kahre's last remaining claim, which was also the last claim against Halper, was disposed of by the Court's April 24, 2012 Order Granting Defendants' Motion for Partial Summary Judgment (doc. # 319). Kahre contends that he has live claims remaining in the case, including Fourth and Fifth Amendment claims for destruction of property and a claim that Defendant Damm planned unlawful raids in retaliation for Plaintiffs' protected First Amendment activity. (Opp. at 2.) Robert Kahre also contests the Court's grant of summary judgment on his unlawful arrest claim and asserts that he is entitled to conduct discovery relating to that claim. (Id. at 12.)

At the outset, the Court notes that Defendants have not filed a motion to dismiss Plaintiffs' claims. Instead, Defendants ask the Court to find that Plaintiff

Kahre's claims have all been dismissed or otherwise disposed of.  (See Mot. at 8 ("[T]he federal defendants submit that [the] Court should clarify that the wrongful arrest claim . . . was Robert Kahre's last remaining claim in this case and it should, thus, dismiss Mr. Kahre from this suit.").)  Nevertheless, Defendants advance arguments regarding the merits of the claims they maintain have already been disposed of by prior judicial orders.  For example, Defendants assert that Kahre's Fourth Amendment property destruction claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  (Mot. at 5.)  Heck v. Humphrey stands for the proposition that a plaintiff challenging "actions whose unlawfulness would render [his] conviction or sentence invalid . . . must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  512 U.S. at 486–87.  If Defendants wish to assert that Heck warrants dismissal of Kahre's Fourth Amendment claim, they may file a motion to that effect.  This Court, however, will not dismiss Kahre's live claims on that basis pursuant to a motion to dismiss Kahre himself on the ground that all of his claims have already been dismissed.

        Defendants also argue that, even if Kahre's Fourth Amendment claims have survived Defendants' previous motions, the claims are barred by collateral

estoppel. (Mot. at 5.) Collateral estoppel is an affirmative defense and must be pled and proven by the party asserting it; in this case, Defendants. See Fed. R. Civ. P. 8(c)(1); Taylor v. Sturgell, 553 U.S. 880, 907 (2008) ("Claim preclusion, like issue preclusion, is an affirmative defense. . . . [I]t is incumbent on the defendant to plead and prove such a defense."); Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) ("Since the government is raising the affirmative defense of res judicata, it has the burden to allege facts that show [the plaintiff's] opportunity to litigate this claim in the first action."). Defendants' conclusory assertion that Kahre's claims are barred by collateral estoppel falls far short of meeting that burden. Again, this Court will not entertain challenges to Kahre's claims under the guise of a motion to dismiss the plaintiff himself. Accordingly, this Order is limited to a determination of which, if any, of Kahre's claims survive.

      Kahre asserts that his Fourth Amendment claim for unnecessary property destruction arising from the Kimberly Avenue search has not been disposed of.[3] (Opp. at 7.) He points out that no previous Court Order has explicitly

---

[3] Kahre also asserts that a Fifth Amendment claim for unnecessary property destruction remains live. (Opp. at 7.) The SAC does not appear to contain any such claim, and Defendants do not address the existence of Kahre's purported Fifth Amendment claim in the instant Motion or in their Reply. However, for the purposes of this Motion, the Court need not decide whether Plaintiff has adequately stated a claim alleging property destruction in violation of the Fifth Amendment. The parties are free to address this issue in subsequent motions.

addressed that claim, and maintains that it remains live.  (Id.)  Defendants contend that Judge Pro's October 4, 2004 Order did, in fact, address and dispose of Kahre's property destruction claims.  (Reply at 2–3.)  The Court agrees with the Plaintiff, and concludes that Kahre's Fourth Amendment property destruction claim remains live.  Although the October 4, 2004 Order ostensibly addressed Kahre's standing to challenge the Defendants' execution of the search warrants at issue (Pro Order at 10), Judge Pro expressly addressed only Kahre's standing to challenge Defendants' alleged knock and announce violation and failure to present the search warrant.[4]  There is no indication that the merits of Kahre's property destruction claim were considered in the October 4, 2004 Order.  Nor was the property destruction claim addressed in the Court's September 2, 2011 Order.

        Kahre also maintains that his claim against AUSA Damm for planning unlawful raids survives.  Defendants appear to acknowledge that the unlawful planning claim against Damm has not been dismissed in any prior order.  (See Mot. at 3 (listing the claims remaining after Judge Pro's October 4, 2004 Order and the

---

[4] The October 24, 2004 Order stated that because Kahre was not present when the relevant searches were conducted, he "has no standing to challenge the failure to present the search warrant as well as the failure to knock and announce before entering the businesses," and therefore "dismiss[ed] Kahre's claim regarding Defendants' failure to knock and announce or present the warrant upon commencing the search."  (Id. at 11.)

Court's September 2, 2011 Order).)  In light of the fact that Defendants do not dispute in the instant Motion that the unlawful planning claim is still live, the Court declines to find that this claim has been dismissed.[5]

Finally, Kahre asserts that he is entitled to discovery on his unlawful arrest claim.  (Opp. at 12.)  The Court disagrees.  The Court granted summary judgment on that claim, and subsequently denied reconsideration of that issue.  (Docs. ## 325, 354.)  Kahre's unlawful arrest claim has been disposed of.  That

---

[5] In their Reply, Defendants argue for the first time that the unlawful planning claim has, in fact, been dismissed.  Defendants assert that Kahre's First Amendment claim against Damm was dismissed in Judge Pro's October 4, 2004 Order when Judge Pro determined that no Bivens cause of action exists with respect to claims against IRS Agents for misconduct committed while collecting taxes because TEFRA provides adequate remedies for such misconduct.  (Reply at 4.)  Defendants also maintain that any claim against Damm that survived the October 4, 2004 Order must, according to the language of the Order, relate to the Fourth Amendment, and must therefore have been resolved in this case or the related criminal case.  (Id.)  The Court is not convinced that these arguments have merit; in particular, Defendants cite to no authority that would lead the Court to conclude that Judge Pro's reasons for dismissing Plaintiffs' First Amendment claims against IRS Agents are equally applicable to First Amendment claims against an Assistant United States Attorney.  In any event, the Court declines to consider arguments raised for the first time in Reply.  See Coos Cnty. Bd. of Comm'rs v. Kempthorne, 531 F.3d 792, 812 n.16 (9th Cir. 2008) (declining to consider an argument raised for the first time in a reply brief); Lucas v. Bell Trans., 773 F. Supp. 2d 930, 939 n.2 (D. Nev. 2011) (noting that arguments raised for the first time in reply will not be considered "as Plaintiffs did not have an opportunity to respond to them").  If Defendants wish to argue that Plaintiffs' unlawful planning claim ought to be dismissed for failure to state a claim upon which relief can be granted, they may file a motion to that effect.

being so, Defendants ask the Court to dismiss Defendant Halper from the case on the ground that the unlawful arrest claim was the last remaining claim against him. Kahre contends that the SAC also states a live claim against Halper for conspiring to plan unlawful raids with Defendant Damm. (Opp. at 22, 24.) To the extent Kahre's unlawful planning claim is brought under the First Amendment, it has been disposed of with respect to Defendant Halper. (See Pro Order at 8–9.) However, because it is not entirely clear to the Court on what basis Kahre continues to assert an unlawful planning claim against Halper, and because this Court has not been asked to consider the merits of Kahre's claims, in an abundance of caution the Court declines to dismiss Halper at this juncture.

The Court also notes that the SAC may contain other claims asserted by Kahre that have not been dismissed in prior rulings or discussed in the instant Motion and the supporting and opposing memoranda, such as Kahre's claim of unlawful detention (SAC ¶¶ 510(C), 510(D)). Given the length of the SAC and the amount of claims asserted therein, as well as the long and complicated history of this litigation, Kahre is instructed to submit within thirty (30) days from the date of this Order a list of claims he still wishes to pursue and believes remain live, with citations to the SAC, so that Defendants may respond to them.

CONCLUSION

For the foregoing reasons, the Court **DENIES** Federal Defendants' Motion to Dismiss Plaintiff Robert Kahre and Defendant Jared Halper.  (Doc. # 321.)

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 28, 2012.

_____
David Alan Ezra
United States District Judge


Charles Allen, et al. v. United States of America, et al., Cv. No. 03-01358 DAE-RJJ; ORDER DENYING FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF ROBERT KAHRE AND DEFENDANT JARED HALPER