UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES ALLEN, *et al.*, | ) |
|     Plaintiffs, | ) Case No. 2:03-cv-01358-DAE-GWF |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, *et al.*, | ) Motion to Quash (#339) |
|     Defendants. | ) |

    This matter comes before the Court on Federal Defendants' Motion to Quash and for a Protective Order (#339), filed on October 17, 2012. The time to file any opposition expired on November 5, 2012.

    The basis of Plaintiffs' one remaining claim[1] is a *Bivens* action claiming IRS employee Dennis Crowther conducted an illegal search of their residence. Defendants represent that on October 5, 2012, Plaintiffs Lori Kahre and Lee Belcher ("Plaintiffs") sent to Defendants via electronic mail notices of depositions for defendants Gregg Damm, Dennis Crowther and Jared Halper, and for five non-party IRS employees ("Non-Parties"). Plaintiffs included document requests with each notice. Plaintiffs noticed the depositions for October 17, 2012 in Las Vegas, two days before the close of discovery as set forth in the Court's Scheduling Order (#309). Defendants further represent that they offered to stipulate to the depositions of Damm, Crowther, and Halper on condition that the depositions be limited to the remaining claim. Plaintiffs declined, but offered to postpone the depositions until the dispute was resolved. Defendants now move to

---

[1] *See* District Court's October 4, 2004 Order granting Defendants' Motion to Dismiss (Doc. #56).

quash the subpoenas and for a protective order providing that Defendants need not respond to the subpoenas.

Defendants submit several arguments in support of their Motion. First, Defendants assert the Non-Parties were not properly served with the subpoenas under Federal Rule of Civil Procedure 45(b). Defendants represent that Plaintiffs did not respond to their inquiries whether the Non-Parties were served, and that Defendants are not authorized to accept subpoenas on Non-Parties' behalf. Second, Defendants argue that all of the subpoenas were untimely. Under Rule 30(b)(1), parties must give deponents "reasonable" written notice. Here, Plaintiffs scheduled the depositions 12 days after notice was given. Because some of the parties and Defendants' Counsel reside out of state, Defendants submit this notice was not reasonable. Non-Parties are also entitled to "reasonable time" to comply with subpoenas under Rule 45(c)(3)(A)(i). Insofar as Non-Parties were served, Defendants argue such service was untimely for the same reasons. Furthermore, Rule 34(b)(2)(A) allows parties 30 days to respond to requests for production of documents. As noted, Defendants were only afforded 12 days to respond. Finally, Defendants assert the requests for documents are over-broad. Under Rule 26(b)(1), discovery must relate to the party's claim. In the subpoenas, Plaintiffs consistently refer to "raids" and "search warrants," although Plaintiffs' only remaining claim relates to one search warrant executed at one raid cite.

Having considered the pleading papers and Defendants' arguments, the Court finds that the subpoenas were served untimely as to all parties. The Court also finds the requests for documents are over-broad. Moreover, under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. The time to oppose the instant Motion has expired, and no opposition has been filed. Accordingly,

**IT IS HEREBY ORDERED** that Federal Defendants' Motion to Quash Subpoenas E-Mailed by Plaintiffs Lori Kahre and Lee Belcher and for a Protective Order Regarding Other Discovery Sent by them on October 5, 2012 (#339) is **granted.** The subject subpoenas shall be quashed.

...

...

**IT IS FURTHER ORDERED** that a protective order is hereby entered regarding Defendants' obligation to respond to the subject subpoenas and requests.

DATED this 28th day of January, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge