IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES ALLEN, et al., | ) | CV. NO. 03-01358-DAE-GWF |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO WITHDRAW AS COUNSEL OF RECORD

On June 18, 2013, Counsel for Plaintiffs Lori Kahre and Lee Belcher ("Counsel") filed a Motion to Withdraw as Counsel of Record ("Motion"). (Doc. # 392.) The Motion states that Kahre and Belcher's attorney was unaware that Defendants had filed a Motion for Summary Judgment on November 6, 2012 (doc. # 350) until counsel for Plaintiff Robert Kahre contacted him on an undisclosed date (see doc. # 392 at 2). The Motion further states that, when Counsel became aware of the pending Motion for Summary Judgment, he entered into settlement negotiations with counsel for Defendants, but was unable to effectuate a settlement. (Id.) Counsel now seeks to withdraw on the grounds that "there exists

1

a breakdown of the attorney-client relationship between Counsel and Plaintiffs based upon differences in the handing of this matter," and "there exists a breakdown in Plaintiffs' financial commitments to Counsel." (<u>Id.</u>) The Motion asks the Court to allow Counsel to withdraw and to grant Plaintiffs additional time in which to retain new counsel and file a response to the pending Motion for Summary Judgment. (<u>Id.</u> at 3.)

In Response, Defendants indicate that they do not oppose the Motion to Withdraw insofar as it seeks leave to withdraw, but oppose Plaintiffs' Counsel's request for additional time. (Doc. # 393.) Defendants point out that Belcher and Kahre's attorney is registered to receive documents filed with the Court through the Court's electronic filing system, and therefore should have received the Motion for Summary Judgment electronically when it was filed. (<u>Id.</u> at 2.) Defendants also observe that Counsel would have been notified when the Court set a hearing on Defendants' Motion for Summary Judgment on February 20, 2013. (<u>Id.</u>)

Local Rule IA 10-6(b) provides that "[n]o attorney may withdraw after appearing in a case except by leave of Court after notice has been served on the affected client and opposing counsel." Local Rule IA 10-6(e) also states: "Except for good cause shown, no withdrawal or substitution shall be approved if delay of discovery, the trial or any hearing in the case would result." As

Defendants noted, the Court set Defendants' Motion for Summary Judgment for a hearing on February 20, 2013—nearly four months before the instant Motion to Withdraw was filed.  The hearing is scheduled for July 24, 2013.  If the Court were to allow Counsel to withdraw and grant Kahre and Belcher additional time to respond to Defendants' Motion for Summary Judgment at this late date, the Court would have to reschedule the hearing.  Counsel has not shown good cause for the instant Motion's untimeliness.  Counsel claims to have been unaware of Defendants' Motion for Summary Judgment until recently.  This is implausible for the reasons asserted by Defendants, but even if it is true, it does not render Counsel's delay in filing the instant Motion to Withdraw excusable; it simply reflects a lack of diligence.  The Court therefore **DENIES** Counsel's Motion to Withdraw.  Counsel for Lee and Belcher may renew the Motion after the Court's July 24, 2013 hearing.  The Court also **GRANTS** Counsel leave to file an untimely Response in Opposition to Defendants' Motion for Summary Judgment within three days of the issuance of this Order.

IT IS SO ORDERED.

DATED: Las Vegas, Nevada, July 1, 2013.

_____
David Alan Ezra
Senior United States District Judge

3